# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROSEMARY ARBUCKLE ANDERMAN,
CAROLYN ARBUCKLE PLATT, and
MARILYN ARBUCKLE SCHEIDT,

    Plaintiffs,

v.                                     CASE NO.  8:19-cv-1034-T-02CPT

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION, and
PHELAN HALLINAN
DIAMOND & JONES, PLLC,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon the motions to dismiss the amended complaint (Dkt. 10) by Defendant J. P. Morgan Chase Bank ("Chase") (Dkt. 28) and Defendant Phelan Hallinan Diamond & Jones, PLLC ("Phelan") (Dkt. 27).  The Court has the benefit of Plaintiffs' response to the motions.  Dkts. 34, 35.  The motions are granted.

The Plaintiffs are sisters and heirs of a decedent, who passed away in Sarasota County in 2012 while in default on his homestead mortgage.  The Defendants are the bank\mortgagee on the decedent's house, and the law firm who

filed the foreclosure action on decedent's house. The amended complaint is devoid of any allegation that the Defendants sent pre-suit dunning letters or sought to take pre-lawsuit action against Plaintiffs, or engaged in any oppressive conduct beyond filing an amended complaint with service of summons. What the instant claim does allege is that Defendants filed an amended complaint in the state foreclosure action and listed the Plaintiffs as foreclosure defendants: heirs who might have a possible interest in the house subject to foreclosure. The Plaintiffs allege that the filing of the amended foreclosure complaint, and asking the state court to retain jurisdiction in the event any deficiency judgment was necessary, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

This was a routine foreclosure action that Plaintiffs wish to make into a federal class action, alleging that including the Plaintiffs in the foreclosure actions states a federal cause of action worthy of class action status. The amended complaint here fails for several reasons. First, Chase originated this debt and sought to collect the debt on its own behalf, through a properly-filed law suit. Therefore, Chase is not a "debt collector" under the Fair Debt Collection Practices Act. *Pinson v. JP Morgan Chase Bank,* 646 F. App'x 812, 815 (11th Cir. 2016); *Reese v. JPMorgan Chase & Co.,* 686 F.Supp.2d 1291, 1308 (S.D. Fla. 2009);

*Teetrick v. Bank of Am., N.A.,* No. 6:18-cv-2061-Orl-22DCI, 2019 WL 1787520 at *3 (M.D. Fla. Apr. 24, 2019).

Second, the amended complaint only alleges that Chase named decedent's sisters/heirs as a defendant in a law suit. No inequitable, false, or misleading conduct is alleged, nor any dunning collection-type or out-of-court activity. The Plaintiffs were not subject to any collecting activity and no deficiency was sought against them by name, but only generically. This fails to state a claim under the applicable statute. If Chase has pursued a frivolous claim in a law suit, Plaintiffs have a remedy at that forum. It appears that Chase, and its attorneys, simply foreclosed on Chase's own mortgage debt, and sued potential heirs of the decedent to quiet title to the homesteaded property and extinguish any contesting claims as part of foreclosure. Indeed, the very language of the summons involved, that Plaintiffs contend is actionable, was taken from the Florida form prescribed by Fla. R. Civ. P. 1.902(b).

Because Chase's actions in pursuing its debt in the foreclosure matter did not violate the Fair Debt Collection Practices Act, the amended complaint likewise fails to state a claim against Chase's lawyers who filed the suit, Defendant Phelan.

Accordingly, Defendant J. P. Morgan Chase Bank, N.A.'s Motion to Dismiss (Dkt. 28) and Defendant Phelan Hallinan Diamond & Jones, PLLC's

Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 27) are granted. The amended class action complaint (Dkt. 10) is dismissed.

**DONE AND ORDERED** at Tampa, Florida, on August 28, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record